

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

## No. 02-20-00219-CV

———————————————————

VAN LE AND DUNG TRAN, Appellants

V.

QUYEN NGUYEN, Appellee

On Appeal from the 393rd District Court
Denton County, Texas
Trial Court No. 19-7206-393

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

On January 12, 2021, we notified Appellants Van Le and Dung Tran by letter that the document we construed as their brief, filed January 12, 2021, did not comply with Rules 9.4(i), 9.9, and 38.1(a)–(j) of the Texas Rules of Appellate Procedure or Local Rules 1.A and 7. *See* Tex. R. App. P. 9.4(i), 9.9, 38.1(a)–(j); 2nd Tex. App. (Fort Worth) Loc. R. 1.A, 7. We stated that an amended brief complying with the above-referenced rules was due by Friday, January 22, 2021. We warned that the failure to file an amended brief that complied with the rules by January 22, 2021 could result in our striking the brief filed and dismissing the appeal or the waiver of any noncomplying points. *See* Tex. R. App. P. 38.8(a), 38.9(a), 42.3. No amended brief was received. Instead, on February 12, 2021, we received a letter from Appellants stating that they did not fully understand our previous correspondence; asking, among other questions, whether the court would provide them with counsel and an interpreter; and requesting us to give them "specific and detailed instructions" for completing the appeal.

On February 22, 2021, we responded to Appellants, letting them know that the Tarrant County Bar Association had denied their request for free legal representation in this appeal and that this court cannot give legal advice. We directed Appellants to the self-help guides on our website.

We also reminded Appellants about the deficiencies in their brief, stating:

Your brief—which is your legal argument why we should decide this case in your favor—was due February 11, 2021. You filed a document with the court on January 12, 2021, but it did not comply with the legal requirements for a brief. We sent you a letter pointing ou[t] the specific defects in the document and asked you to file an amended brief that complied with the Texas Rules of Appellate Procedure by January 22, 2021. (A copy of that letter is enclosed.) But even though we asked you to file an amended brief by January 22, 2021, you have not filed one.

We again gave Appellants a deadline for filing a compliant, amended brief—Thursday, March 4, 2021, and we stated that the failure to file an amended brief complying with the Texas Rules of Appellate Procedure by that deadline could result in our "remov[ing the] original brief from our records, prohibit[ing Appellants] from filing another brief, proceed[ing] as if [they] failed to file a brief, and dismiss[ing the] appeal." *See* Tex. R. App. P. 38.8(a), 38.9(a), 42.3(b). We have received no response.

Because Appellants failed to file a compliant, amended brief even after we afforded ample opportunities to do so, we strike the brief filed January 12, 2021, and we dismiss this appeal for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1), 42.3(b), 43.2(f).

Per Curiam

Delivered: May 13, 2021

3